## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| KIMBERLEY MICHAELS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| WELTMAN, WEINBERG & | ) |
| REIS CO., L.P.A., | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

### INTRODUCTION

1. Plaintiff Kimberley Michaels brings this action to secure redress from unlawful credit and collection practices engaged in by defendant Weltman, Weinberg & Reis, Co., L.P.A. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA") and the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

2. The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements, in connection with the collection of a debt; it also requires debt collectors to give debtors certain information. 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

3. The TCPA restricts the use of automated equipment to dial cellular telephones.

### VENUE AND JURISDICTION

4. This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA) and 28 U.S.C. §§1331.

5. Venue and personal jurisdiction in this District are proper because:

    a. Defendant's collection communications were received by plaintiff within this District;

    b. Defendant transacts business within this District.

## PARTIES

6. Plaintiff Kimberley Michaels is an individual who resides in the Northern District of Illinois.

7. Defendant Weltman, Weinberg & Reis, Co., L.P.A., is an Ohio corporation that does business in Illinois. It has an office at 180 N. LaSalle Street, Chicago, Illinois 60601. Its registered agent and office is National Registered Agents, 200 W. Adams, Chicago, Illinois 60606.

8. Weltman, Weinberg & Reis, Co., L.P.A., is engaged in the business of a debt collector, using the mails and telephone to collect consumer debts originally owed to others.

9. Weltman, Weinberg & Reis, Co., L.P.A., is a debt collector under the FDCPA.

## FACTS

10. Defendant has been attempting to collect from plaintiff an alleged debt incurred for personal, family or household purposes and not for business purposes.

11. Within the last year, Plaintiff has received over 60 calls on the number associated with her home phone with the following message:

> **Kimberley Michaels this is Jason Koster calling from Weltman, Weinberg & Reis. I need you to please return my call as soon as possible toll free at 877-205-1457. My extension here is 84041.**

12. Following almost every call to Plaintiff's home phone, Plaintiff would receive a call on the phone number associated with her cell phone with a similar message.

13. The number 877-207-1457 is issued to Defendant.

14. The calls did not state that the calls were for debt collection purposes.

15. On information and belief, defendant has a standard policy and practice of making telephone calls that do not state that the call is for collection purposes.

16. On information and belief, the calls were placed using predictive dialers. The predictive dialers place calls without human intervention until a connection is made, in which case the dialers attempt to connect the recipient with a debt collector.

17. Plaintiff did not provide her cell phone number to either defendant or the putative creditor. Plaintiff did not otherwise consent to automated calls to her cell phone.

18. On information and belief, the calls were placed using predictive dialers. The predictive dialers place calls without human intervention until a connection is made, in which case the dialers attempt to connect the recipient with a debt collector.

19. Plaintiff is not in the habit of using her cell phone number on credit applications.

20. Plaintiff is entitled to statutory damages

21. Defendant violated the TCPA even if its actions were only negligent.

22. Defendant should be enjoined from committing similar violations in the future.

## **COUNT I – FDCPA**

23. Plaintiff incorporates paragraphs 1-22.

24. Defendant's telephone messages violated 15 U.S.C. §§1692e and 1692e(11).

25. Each telephone message was a "communication" within the meaning of 15 U.S.C. §§1692d(6) and 1692e. *Foti v. NCO Financial Systems*, 424 F.Supp.2d 643, 669 (S.D.N.Y. 2006); *Hosseinzadeh v. M.R.S. Associates, Inc.*, 387 F.Supp.2d 1104, 1112, 1118 (C.D.Cal. 2005); *Joseph v. J. J. MacIntyre Cos.,* 281 F.Supp.2d 1156 (N.D.Cal. 2003); *Stinson v. Asset Acceptance, LLC,* 1:05cv1026, 2006 WL 1647134, 2006 U.S. Dist. LEXIS 42266 (E.D. Va., June 12, 2006); *Belin v. Litton Loan Servicing, LP,* 8:06-cv-760-T-24 EAJ, 2006 U.S. Dist. LEXIS 47953 (M.D.Fla., July 14, 2006).

26. The telephone messages violate 15 U.S.C. §§1692e and 1692e(11) because the messages do not contain the warning required by 15 U.S.C. §1692e(11).

27. Section 1692e provides:

> **§ 1692e.    False or misleading representations [Section 807 of P.L.]**
>
> **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without**

**limiting the general application of the foregoing, the following conduct is a violation of this section: . . .**

**(11) The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action. . . .**

WHEREFORE, the Court should enter judgment in favor of plaintiff and against defendant for:

    (a)    Statutory damages;

    (b)    Attorney's fees, litigation expenses and costs of suit;

    (c)    Such other and further relief as the Court deems proper.

### COUNT II – TCPA

28. Plaintiff incorporates paragraphs 1-22.

29. The TCPA, 47 U.S.C. §227, provides:

**§ 227. Restrictions on use of telephone equipment**

**. . . (b) Restrictions on use of automated telephone equipment.**

**(1) Prohibitions. It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States–**

    **(A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice–**

        **(iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call; . . .**

30. The TCPA, 47 U.S.C. §227(b)(3), further provides:

**Private right of action.**

**A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State–**

>**(A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,**
>
>**(B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or**
>
>**(C) both such actions.**
>
>**If the Court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under the subparagraph (B) of this paragraph.**

31. Defendant violated the TCPA by placing automated calls to plaintiff's cell phone.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class and against the defendant for:

    (a) Statutory damages;

    (b) An injunction against further violations;

    (c) Costs of suit;

    (d) Such other or further relief as the Court deems just and proper.

        /s/ Daniel A. Edelman
        Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Cassandra P. Miller
EDELMAN, COMBS, LATTURNER
    & GOODWIN, L.L.C.
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

## **NOTICE OF LIEN AND ASSIGNMENT**

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

/s/ Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
      & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)